MOSLER SAFE CO. v. ATASCOSA COUNTY et al. (No. 5588.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 9, 1916. On Motion for Rehearing, March 8, 1916.)

1. EVIDENCE ☞399—ACTIONS ON CONTRACTS —EVIDENCE ADMISSIBLE UNDER PLEADINGS.

Plaintiff sued a county on an alleged written contract for safe doors. Defendant denied the contract, and alleged that the doors were furnished a contractor erecting a courthouse. By supplemental petition plaintiff pleaded the contents of the minutes of the county commissioners' court showing a written contract between the commissioners' court and plaintiff, and to this supplemental petition no answer was filed. *Held*, that it was error to admit parol evidence that the commissioners' court was only selecting the doors for the contractor, and not purchasing them, since, if it was permissible at all to alter or abrogate the contract, except by motion in the commissioners' court to amend its minutes, this could not be done without a plea of fraud or mistake.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1772–1777; Dec. Dig. ☞399.]

On Motion for Rehearing.

2. APPEAL AND ERROR ☞1173(1)—DISPOSITION OF CAUSE—GRANTING RELIEF TO PARTY NOT APPEALING.

In an action against a county for the price of safe doors, it denied liability, and asked that a contractor and its surety be made parties, and that it have judgment against them if plaintiff recovered any judgment against it. The trial court rendered judgment in favor of all the defendants, and plaintiff appealed. The judgment was reversed, and judgment was rendered for plaintiff against the county. *Held* that, as the judgments in favor of the contractor and

the surety were apparently rendered upon the theory that, as the county had been adjudged not indebted to plaintiff, it could not maintain any cross-action against them, such judgment would be reversed, and the cause remanded for a new trial as between the county and them; as the power to give relief to an appellant by changing the judgment carries with it the power and necessity to make such other changes as justice to the other parties demands.

[Ed. Note.—For other cases, see Appeal and Error. Cent. Dig. §§ 4562–4567, 4569, 4656; Dec. Dig. ☞1173(1).]

Appeal from District Court, Atascosa County; F. G. Chambliss, Judge.

Action by the Mosler Safe Company against Atascosa County, which brought in other defendants. From a judgment for defendants, plaintiff appeals. Reversed and rendered in part, and remanded in part on rehearing.

C. A. Keller, of San Antonio, for appellant. W. W. Walling, of San Antonio, for appellees.

MOURSUND, J. Mosler Safe Company sued Atascosa county, alleging that on or about January 23, 1913, said county executed and delivered to plaintiff its certain written order or contract, whereby plaintiff sold to defendant certain safe doors for $584; that defendant had paid only $77.99, leaving a balance of $506.01 due thereon, with interest; that a lien was retained in said contract upon said safe doors. Plaintiff prayed for judgment for said sum, with interest, and for foreclosure of its lien. A copy of the order was attached as an exhibit.

The defendant denied that it ever executed and delivered to plaintiff the order and contract as alleged, and that, if the same was ever executed and delivered by any person, such person was wholly unauthorized by defendant to make or deliver the same to plaintiff, and defendant has never ratified or confirmed the same. Defendant further alleged that, if it ever paid the sum of $77.99 as a payment on the alleged claim of plaintiff, such payment was to the Gordon-Jones Construction Company, the contractor who erected the courthouse at Jourdanton, and was in no wise intended as a payment to plaintiff, as said company had contracted with defendant to furnish all material for the construction of the courthouse, and defendant had no contract with plaintiff at any time for the furnishing of any material for said courthouse; that said safe doors were, in fact, furnished to the Gordon-Jones Construction Company; that in order to secure the faithful compliance by said company with its contract with defendant for the construction and completion of a courthouse, under the terms of which said company bound itself to pay for all material that might be used in the construction thereof, said company furnished a bond in the sum of $32,-500 with the Equitable Surety Company as

surety thereon. Defendant prayed that Gordon-Jones Construction Company and Equitable Surety Company be made parties, and that, if plaintiff recover any sum from defendant, defendant have judgment over against both of said companies for such sum.

Plaintiff, by supplemental petition filed April 21, 1915, alleged that the written order mentioned in its original petition was executed by Walter E. Jones, county judge of Atascosa county, after a bid was duly presented to the commissioners' court of said county and accepted by such court, and that the execution of said contract by such county judge was the duly authorized act of said commissioners' court; that on or about January 23, 1913, plaintiff, acting by its agent, duly authorized thereto, presented to the commissioner's court of Atascosa county a bid for certain vault doors, being those described in the original petition, agreeing to furnish same for $584, and that by an order duly entered in the minutes of said court such bid was accepted as the lowest and best bid, and afterwards such doors were furnished and delivered to the order of said county, and were used by it, and are still used by it. Plaintiff denied that it furnished said doors to the Gordon-Jones Construction Company, and joined issue on the allegation that the $77.99 was paid to said company. The defendant failed to answer this supplemental petition.

The Equitable Surety Company answered, alleging that the doors were ordered by the defendant, and not by the Gordon-Jones Construction Company, and denying liability to the county for any debt incurred by it. It prayed that, if any judgment be rendered against it, it have judgment over against the Gordon-Jones Construction Company. The Gordon-Jones Company filed no answer.

Judgment was rendered that plaintiff take nothing by its suit.

[1] Plaintiff alleged and proved a written contract with Atascosa county, evidenced by its bid and the acceptance thereof, which bid and acceptance were duly entered in the minutes of the commissioners' court. It appears that, if the minutes do not speak the truth, the proper method to amend the same is by a motion made in the court, and not by allegation and proof in another tribunal in which the litigation concerning its orders may arise. Gano v. Palo Pinto County, 71 Tex. 99, 8 S. W. 634. But, if the order of the court could be set aside in this case on the ground of fraud or mistake, it is a sufficient answer to say that neither of such grounds is pleaded by defendant. In its brief it contends that a fraud has been practiced on the county in obtaining the entry upon the minutes of the bid and the order accepting the same, but we find no pleadings which raise any such issue. De-

fendant did plead that the county judge had no authority to sign the order for the doors, but when plaintiff pleaded the contents of the minutes of the commissioners' court, which showed a written contract between the commissioners' court and plaintiff, such allegations were not denied. Defendant was permitted over plaintiff's objection to introduce parol evidence to the effect that the commissioners' court was only selecting the doors for the Gordon-Jones Construction Company, and not purchasing same. If it be permissible at all to alter or abrogate the contract appearing on the minutes of the commissioners' court, except by motion in such court, it is evident that parol testimony should not be admitted for that purpose in the absence of a plea of fraud or mistake. Gano v. Palo Pinto County, supra; Douglass v. Myrick, 159 S. W. 422.

The plaintiff was entitled to judgment for its debt. The judgment of the trial court is reversed, and judgment rendered in favor of Mosler Safe Company against Atascosa county for $506.01, with interest thereon from August 3, 1914, at the rate of 6 per cent. per annum, and all costs of suit. Interest is allowed only from date of filing original petition, for the reason that we are unable to tell from the pleadings or the evidence when the doors were delivered. In all other respects the judgment will remain undisturbed.

On Motion for Rehearing.

[2] The judgments in favor of the Gordon-Jones Construction Company and the Equitable Surety Company could have been rendered, and apparently were rendered, upon the theory that, as the county had been adjudged not to be indebted to the safe company, it could not maintain any cross-action against said two parties. This being the case, we conclude that it would be unjust to let the judgment in favor of said two parties stand. The power to give relief to appellant by changing the judgment carries with it the power and the necessity to make such other changes therein as justice to the other parties demands. Thompson v. Kelley, 100 Tex. 539, 101 S. W. 1074; Reeves v. McCracken, 103 Tex. 416, 128 S. W. 895; Tynberg v. Cohen, 76 Tex. 409, 13 S. W. 315.

The judgment heretofore entered by this court is set aside, and judgment entered reversing the judgment of the district court in its entirety, and awarding the Mosler Safe Company a recovery of its debt as indicated in our former opinion and judgment, but providing that the cause, as between Atascosa county and the Gordon-Jones Construction Company and the Equitable Surety Company, be remanded for another trial. All costs of this appeal will be taxed against Atascosa county.