## BATES et al. v. CRANE COUNTY.

### No. 2710.

Court of Civil Appeals of Texas. El Paso.
Oct. 20, 1932.

Appellants' Rehearing Granted and Appellee's Rehearing Denied Dec. 8, 1932.

Appellee's Second Rehearing Denied Dec. 22, 1932.

H. O. Williams, J. W. Stovall, and Charles Gibbs, all of San Angelo, for appellants.

J. B. Cotten, E. D. Smith, and Ed. S. Pritchard, all of Crane, and Turner, Seaberry & Springer, of Eastland, for appellee.

PELPHREY, C. J.

This suit was instituted by Crane county upon a bond executed by the Citizens' National Bank of Odessa, Tex., with W. F. Bates, R. N. Henderson, F. A. Henderson, Lula Sat-terwhite, and Henry Pegues as sureties; the bond reading:

"The State of Texas, County of Crane

"Know All Men by These Presents: That we, Citizens National Bank of Odessa, Texas, as principal, and W. F. Bates, R. N. Henderson, Henry Pegues, F. A. Henderson, and Mrs. Lula Satterwhite, as sureties, are held and firmly bound unto Ben F. Allen, County Judge of Crane County, Texas, and his successors in office, in the sum of Eighty Thousand ($80,000.00) Dollars, for the payment of which we hereby bind ourselves and our heirs, executors and administrators, jointly and severally by these presents.

"The condition of the above obligation is such that whereas, the above bounden Citizens National Bank, Odessa, Texas, offered the highest bid of interest on daily balances (1½) per cent and was on Feb. 11, 1929, chosen by the Commissioners' Court as depository of the funds of Crane County, including the school funds, for the term of two years, beginning January 1st, 1929.

"Now, therefore, if the said Citizens National Bank, Odessa, Texas, shall safely keep and faithfully disburse the school funds according to law, and pay such warrants as may be drawn on said funds, by competent authority, and shall account to them, together with interest thereon at the rate of 1½ per cent per annum calculated on daily balances, to the Commissioners' Court of said County and to the State Superintendent of Public Instruction, as is required by law, then this obligation shall be void; but otherwise it shall remain in full force and effect."

Appellee in its original petition sought to recover the sum of $12,176.45, and by supplemental petition increased its demand to $27,186.13. All the funds sought to be recovered belonged to common school district No. 1 of Crane county. Before the suit was instituted W. F. Bates died and George F. Bates, administrator of his estate, was made a party defendant.

Upon a trial before the court, judgment was rendered against appellants for the full amount claimed.

### Opinion.

The first proposition advanced by appellants is that the funds involved belonging to the school district, the commissioners' court was without capacity to maintain the suit to recover them.

With this proposition we are inclined to agree.

As said by this court in Watson v. El Paso County, 202 S. W. 126, 127: "The county did not own the funds collected by Watson for common school districts, and had no authori-

ty to recover same. The trustees of the various districts were the proper parties plaintiff."

It will be noted here that Crane county is not made an obligee in the bond and nowhere sues for the benefit of the school district, consequently we fail to see how, it not being the owner of. the funds, and not named in the bond, can maintain a suit thereon.

If we be wrong in this, then we think there can be no recovery in this case for the reasons set out in the case of George F. Bates, Adm'r, et al. v. Crane County (Tex. Civ. App.) 55 S.W.(2d) 610, this day decided by this court.

■ The appeal bond of the several sureties, with the exception of George F. Bates, not having been filed within twenty days, their appeals must be dismissed for want of jurisdiction.

The judgment of the trial court against George F. Bates, administrator, is reversed, and judgment here rendered in his favor.

Reversed and rendered.

## On Rehearing.

For the reason stated in opinion this day handed down by Justice Higgins in the companion case of Bates, Administrator, v. Crane County (Tex. Civ. App.) 55 S.W.(2d) 610, No. 2709, we are of the opinion we erred in our original opinion holding that the sureties were not liable to appellee because the breach of the bond occurred after the two-year and sixty-day period.

■ The bond in this case covers common school district funds and is governed by article 2829, R. S. 1925, which provides that the bond "shall be conditioned that the depository will faithfully perform its duties under this title, and shall safely keep and faithfully disburse the school fund according to law, and pay such warrants as may be drawn on said fund by competent authority."

While the statutory condition is different from the one in cause No. 2709, we think it is broad enough to impose upon the depository and its sureties the obligation to pay all moneys deposited during the two-year and sixty-day period.

Appellee also insists that since the capacity of Crane county to maintain the suit is not questioned by plea in abatement, we erred in holding the county could not maintain the suit. The question involves no want of capacity to sue, but rather a failure to show a cause of action vested in Crane county. The county is not the obligee in the bond. The funds in controversy as shown by the court's findings belong to the Crane county common school district available fund and sinking fund. Those funds belong to the common school district and not to Crane county. As to this phase of the case, however, there may be some doubt, and for this reason we will set aside our judgment finally disposing of the case and will remand it for further proceedings. If Crane county can properly sue for these funds, it should do so for the use and benefit of the common school district. See opinion in Watson Case (Tex. Civ. App.) 202 S. W. 126, 127, where this court in passing upon the right of El Paso county to recover upon a tax collector's bond, funds belonging to drainage districts, said: "However, such recovery cannot be had upon an allegation that such funds belonged to, and had been collected for, the county." See, also, Steusoff v. Liberty County (Tex. Civ. App.) 34 S.W.(2d) 643, at page 648.

Upon remand the common school district can join in the suit as a party plaintiff and Crane county can also amend its pleadings so as to show it sues for the use and benefit of the common school district.

By such procedure the proper parties plaintiff will certainly be before the court and this question in the case eliminated.

■ The sureties whose appeals were dismissed insist that since the judgment against Bates was reversed the same should be reversed also as to them. This insistence we think is correct.

■ The authorities support the view that when a reversal as to one defendant is ordered and the manifest justice of the case requires that the judgment appealed from be treated as an entirety, and the judgment reversed as to all defendants, such course will be followed. Hamilton v. Prescott, 73 Tex. 566, 11 S. W. 548; Reeves v. McCracken, 103 Tex. 416, 128 S. W. 895; Thompson v. Kelley, 100 Tex. 536, 101 S. W. 1074; Valee v. Joiner (Tex. Com. App.) 44 S.W.(2d) 983; Leonard v. Prater (Tex. Com. App.) 36 S.W.(2d) 216; Wallace v. Dockery (Tex. Civ. App.) 284 S. W. 258; Mosler Safe Company v. Atascosa County (Tex. Civ. App.) 184 S. W. 324; Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221; Lipshitz v. Lindsay Nat. Bank (Tex. Civ. App.) 33 S.W.(2d) 874; Thomas v. Basden & Carrell (Tex. Civ. App.) 4 S.W.(2d) 336; Mergenthaler L. Co. v. McClure (Tex. Civ. App.) 9 S.W.(2d) 198; Id. (Tex. Com. App.) 16 S.W.(2d) 280; Irwin v. Auto F. Co. (Tex. Civ. App.) 40 S.W.(2d) 871.

In accordance with the views expressed in this opinion, our former judgment of dismissal as to certain defendants and reversal and rendition in favor of Bates is set aside, and it is now ordered that the judgment of the lower court is reversed as to all defendants and remanded for retrial.