# FOSTER v. NATIONAL BONDHOLDERS CORPORATION.

No. 13792.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 30, 1938.

Rehearing Denied Jan. 13, 1939.

H. S. Lattimore, of Fort Worth, for Mrs. C. A. Foster.

Mack & Mack, of Fort Worth, for National Bondholders Corporation.

SPEER, Justice.

This appeal, as presented, involves many interesting questions, but for reasons which we shall presently show, they will not be discussed separately.

By an original petition, filed February 7th, 1936, National Bondholders Corporation, alleged to be a Delaware corporation, with permit to do business in Texas, sued C. A. Foster and his wife, Blanche Foster, for $1,477.68, with interest at 8.15 per cent per annum since May 1st, 1934, and ten per cent attorney's fees, alleging the principal sum asked was a balance due and unpaid on a note, dated August 8th, 1927, in the principal sum of $3,500, bearing interest from date at the rate of 8.15 per cent per annum, principal and interest payable in monthly installments of $43.75 each, beginning with September 1st, 1927. Allegations of an accelerating maturity clause in the obligation were made, together with the happening of the contingency provided for therein, and the maturity of the amount remaining unpaid.

The petition also alleged the execution by defendants, on the same day, of a deed of trust lien on certain described real estate situated in the City of Fort Worth, Texas, to secure the prompt payment of the note sued on, according to its terms. ·Sufficient allegations were made of the ownership by plaintiff of the debt and lien, default, declaration of maturity, provisions for attorney's fees and the placing of the note in the hands of an attorney for collection.

Prayer was as follows: "Wherefore, premises considered, plaintiff prays that defendants be cited to appear; that it have judgment against the defendants, C. A. Foster and wife, Blanche Foster, for the sum of $1,477.68, with ten per cent interest from May 1st, 1934, and the further sum of ten per cent additional as attorney's fees; for foreclosure of said deed of trust lien against the defendants, C. A. Foster and wife, Blanche Foster, as same existed on August 8th, 1927; for an order of sale, a writ of possession and for such other and further relief, to which it may be entitled either in law or in equity." ·

The transcript does not contain a copy of the citation served on the defendants, but it does disclose the return made by the officer thereon, as recorded in the Clerk's fee book; this return shows service on C. A. Foster on 2–10–'36, and on the wife, Blanche Foster, on 2–8–'36. The Clerk states, parenthetically, that the original citation has been lost or misplaced, but that the return shown was upon the only citation issued or served.

No answer to plaintiff's action was ever filed by defendant, C. A. Foster. On February 22nd, 1936, an answer was filed by counsel for defendant, Blanche Foster; this answer consisted of general demurrer, general denial and special pleas of coverture, that the note sued on was usurious and that sufficient amount had been paid to liquidate the principal, and further, that the property upon which the lien was asserted constituted her homestead, and a denial was made of all matters which would authorize the creation of a lien on the homestead.

On December 2nd, 1936, an order was entered, to the effect that the court having found Blanche Foster was of unsound mind, Judge H. S. Lattimore was appointed guardian ad litem, to represent her interest in the pending suit.

On December 7th, 1936, the guardian ad litem filed his answer in behalf of Mrs. Foster, in which were presented general demurrer, general denial, and for special defenses plead in response to a supplemental petition filed June 16th, 1936, but subsequently amended, that Mrs. Foster was of unsound mind and incapable of transacting such business, at any time since September 16th, 1926, and especially at the time a judgment was taken against her and her husband by John E. Quarles Company, in Cause No. 75312, in District Court of Tarrant County, Texas, on June 1st, 1927, as well also on August 8th, 1927, when the note and deed of trust are alleged to have been executed. The pleas of usury and coverture were renewed and allegation made that C. A. Foster, the husband, had abandoned his wife, Blanche Foster, that they were no longer living together, that the property upon which plaintiff sought to foreclose the lien was the separate property of Mrs. Blanche Foster, and that the husband had refused to defend the suit or join her in a cross

action to protect the property; then followed a cross action against plaintiff for the cancellation of all claims asserted by it against the property, that they be declared fully satisfied and that the title to the property be confirmed in Mrs. Blanche Foster, and for general relief.

December 9th, 1936, plaintiff filed an amended supplemental petition, about which there is a serious controversy, and to clarify our view of this appeal we will quote some parts of same:

The first paragraph reads: "Now comes the plaintiff, National Bondholders Corporation, and by leave of court files this, its first supplemental petition in lieu of and as a complete substitute for its first supplemental petition filed herein on the ———— day of ————, 1936 (the record shows first supplemental petition theretofore filed and referred to was on June 16th, 1936), and in answer to the first amended original answer filed herein by the defendant, Mrs. Blanche Foster, and the original answer filed herein by H. S. Lattimore, Esq., guardian ad litem for the defendant, Mrs. Blanche Foster, respectfully says:"

In the above pleadings are contained a general demurrer and general denial as to defendant's pleadings referred to. Special replication to defendant's answer alleged the debt and lien sued on were made up of a previous mechanic's lien note and contract executed by defendants on March 22nd, 1924, and a judgment rendered in District Court of Tarrant County, Texas, styled John E. Quarles Company vs. C. A. Foster and wife, being cause No. 75312, and another valid mechanic's lien note and contract, all of which were purchased by plaintiff and merged into the $3,500 note and lien described in plaintiff's original petition. A plea of waiver and estoppel were urged against Mrs. Foster to now attack the validity of the judgment in cause No. 75312, and a challenge to her right to now collaterally attack the validity thereof, upon her plea of insanity at the time.

The prayer in this pleading, insofar as is necessary to state, is as follows: "Wherefore, plaintiff prays for all the relief prayed for in its original petition and in the event that it should be held that the deed of trust dated August 8th, 1927, * * * was executed at a time when the defendant, Blanche Foster, was of unsound mind, * * * then and in that event this plaintiff prays for a foreclosure of the balance due upon the judgment rendered in cause No. 75312, styled John E. Quarles Company vs. C. A. Foster et al * * *, and plaintiff also prays for a foreclosure of the mechanic's lien contract dated March 22nd, 1924, which mechanic's lien contract is now owned and held by this plaintiff, and that this plaintiff have judgment upon the balance due upon said mechanic's lien contract to the amount of $1,467.68, with ten per cent interest from May 1st, 1934, as well as ten per cent attorney's fees provided for in said mechanic's lien contract, and that the judgment in cause No. 75312, be held to be the first and superior lien on the real estate described in plaintiff's petition as against both defendants herein; in the alternative prays for judgment against defendants upon the balance due on the judgment in said cause No. 75312, with ten per cent interest and costs and foreclosure of judgment lien; for costs of suit and for such other relief, general and special, to which in law and in equity this plaintiff may be entitled to."

Replication to the foregoing pleading was made by the guardian ad litem, in which were presented general demurrer, special exception to the prayer wherein different and additional relief were sought from that asked in the original petition, general denial, and special answers that the judgment pleaded by plaintiff was dormant and barred by limitations were included and all filed on December 14th, 1936.

No citation or other process was issued or served upon either of the defendants subsequent to the filing of the second pleading by plaintiff, on December 9th, 1936, whether it be termed an amended original petition or amended supplemental petition. C. A. Foster did not answer or make other appearance in response to plaintiff's pleadings; Blanche Foster appeared, by her guardian ad litem, and answered as above shown.

The case was tried to a jury on special issues. In response to plaintiff's motion for judgment non obstante veredicto, the court entered judgment for plaintiff for $1,374.15 as a balance due on the judgment in cause No. 75312, plead by plaintiff in what it termed its amended first supplemental petition, with ten per cent interest thereon from date against C. A. Foster, with a foreclosure of the lien on the property as against both defendants. An agreed amount was allowed the guardian ad litem and taxed as cost in the case.

Defendant, Blanche Foster, through her guardian ad litem, excepted, gave notice of and has perfected this appeal.

There is no statement of facts before us, but upon request the trial court filed findings of fact and conclusions of law, which we think are sufficient to enable us to discuss the issues involved.

After the guardian ad litem, whom we shall hereinafter refer to as appellant, perfected this appeal, the National Bondholders Corporation, to which we shall refer as appellee, perfected an appeal from the court's judgment by writ of error, and by a previous order we consolidated the two appeals and shall dispose of them together.

We have reached the conclusion that the judgment of the trial court must be reversed for another trial and after amendments which will surely follow, many of the things complained of here will doubtless not arise again.

By three propositions under her fourth and fifth assignments of error, appellant challenges the authority of the trial court to render judgment for the plaintiff (appellee) for a balance remaining unpaid on the judgment of John E. Quarles Co. vs. C. A. Foster et ux., No. 75312, with a foreclosure of the lien, because, (a) That relief was first asked for in a supplemental petition, it constituted a new cause of action, and sought new and affirmative relief from that set out in the original petition, the latter not having been abandoned. (b) No citation or other process was ever issued or served on C. A. Foster subsequent to the new pleading which set up the new cause of action, nor did he answer or otherwise appear. And (c) A pleading which does not contain the jurisdictional allegations required by law, which is denominated by the pleader as a supplemental petition and is so treated by him, cannot take the place of an original petition or amendment thereof, and support a judgment rendered thereon, unless the original be abandoned and disregarded.

These contentions must be sustained, requiring a reversal of the judgment of the trial court, and we shall give our reasons for reaching this conclusion.

The appellee pitched its suit upon allegations of a balance due on a $3,500 note and deed of trust lien, both executed by the Fosters on August 8th, 1927, which balance, as we have shown, was claimed to be $1,477.68. Both defendants were duly cited to appear; the husband did not answer, nor otherwise appear at the trial. Appellant (Mrs. Foster) answers, pleading, among other things, in defense of the note and lien, her mental incapacity to understand their nature and effect at the time of their execution. She plead usury and payment of sufficient amount to liquidate the principal, and urged other defenses which we need not here repeat.

The appellee replied to appellant's answer rebutting the special defenses presented, as is provided by the well settled rules of pleading in this state. In this designated Supplemental Petition, appellee further replied to appellant's defense of usury to the note sued on, that its said note was made up of the items of a balance of $400 unpaid on the Boulware mechanic's lien note and contract, and a judgment of $3,176 procured by Quarles against the Fosters, in cause No. 75312, each of which was purchased by appellee's assignor and sold to appellee on August 8th, 1927, the day on which the Fosters executed the note sued on and secured by the deed of trust lien, and prayed for the same relief asked in the original petition, and further, that if it be determined by the court Mrs. Blanche Foster was of unsound mind at the time she executed the $3,500 note and lien on August 8th, 1927, then it asked to recover against both defendants the amount unpaid on the judgment in cause No. 75312, one of the items claimed to have entered into the $3,500 note, along with a foreclosure of the lien.

Whether the pleading be considered a supplemental one or an amended original petition, it is clear a recovery was allowed on a different cause of action than that set out in the original petition, and required notice of citation to the defendant, C. A. Foster, or his appearance in some form. In the first instance, plaintiff (appellee) sought to recover against the Fosters on a definitely described note, with a foreclosure of a lien; C. A. Foster had notice of that suit and paid it no mind. He may have had a good reason to believe a court would not permit a recovery as prayed for. In this case, it is doubtful if that motive prompted him to ignore the process; it developed, however, that the court did deny appellee a recovery upon the note and lien so described in the original petition.

The amendment, subsequently filed, sought recovery upon an entirely different

obligation and theory. Of this Foster had no notice. The amendment sought recovery by appellee (National Bondholders Corporation) on a judgment rendered in favor of John E. Quarles Co. against C. A. Foster and wife, in cause No. 75312, on June 1st, 1927. No allegation was made of the amount claimed to be unpaid thereon, but which judgment bore interest at ten per cent per annum from the date of its rendition. The amount remaining unpaid, together with the ownership of the judgment, were matters of fact to be determined by evidence upon the trial, and a party sued, by amendment, would be entitled to notice thereof, to the end that if he desired to introduce proof or contest that offered by plaintiff under such a plea, he could so do. On this point it is said, in 33 Tex.Jur., p. 801, sect. 6: "If the amended pleading asserts a new cause of action distinct from that asserted in the original pleading, or requires a more onerous judgment against the defendant, and if the defendant is not actually in court, in person or by attorney, or if service is not otherwise dispensed with, the rule is that a new service of process is essential to enable the plaintiff to proceed to judgment."

In the case of Liquid Carbonic Co. v. Head, Tex.Civ.App., 48 S.W.2d 464, writ dismissed, the court concluded that the amendment filed constituted in its nature a new cause of action and announced a similar rule to that mentioned in Texas Jurisprudence, and there said [page 465]: "It is clear, we think, that the plaintiff's second amended original petition set up a new cause of action so far as plaintiff in error was concerned, and authorized a more onerous judgment against plaintiff in error than did the first amended petition with which it was served." There it was held the amended pleading would not support the judgment rendered.

What we have said relating to the pleading treats the amendment as if it were an amended petition; but we do not think it was such, although the trial court so denominated it in the judgment rendered. The pleading is referred to in the judgment in this language: "The so called first amended supplemental petition filed December 6th, 1936, is by its terms an amended original petition."

The pleading was treated and considered throughout the trial as an amended supplemental petition. It was so called by the pleader who had it filed. The plaintiff (appellee) specifically declined to abandon its original petition, as shown by the findings of the court. The order in which the pleadings were presented consisted of the reading by plaintiff to the jury of its original petition, followed by defendant (appellant) presenting her answer and defensive matters. Appellee then read the amended supplemental petition (the one under discussion). This was followed by appellant's supplemental answer in replication thereto. At the conclusion of the testimony, appellee requested a peremptory instruction for judgment, as prayed for in the original petition, and after judgment was rendered by the court on the prayer in the supplemental pleading, appellee excepted upon the grounds that judgment was not rendered on the original petition. However, it may be said that appellee in its brief now says: "In the eleventh paragraph of the so-called First Amended Supplemental Petition, which was really an Amended Petition, plaintiff prayed for the relief prayed for in its original petition," etc.

It is fundamentally true, as established in our jurisprudence, that an amended pleading supersedes the document so amended. In some cases the courts have said the original, when so superseded, goes out of the case. So if the pleading in controversy is to be considered an amended original petition, the original had no further place in the suit, and the amendment must have been complete within itself. It did not contain the jurisdictional allegations of the names of plaintiff and defendants, and their respective residences, and other requisites of a plaintiff's petition. In the absence of the requisites of a petition necessary to authorize a judgment, the so-called amended supplemental petition could not receive the dignity of an amended original petition simply because it contained the prayer, as in this case, "Wherefore, plaintiff prays for all the relief prayed for in its original petition." To avoid the collation of many authorities, we cite only 33 Tex.Jur., p. 513, sect. 83, where it is said: "It is of the essence of an amendment that it completely supersedes the pleading intended to be amended. Hence, what is stated in the original can not be relied on after an amendment (other than a trial amendment) has been filed."

The amended pleading under discussion was evidently intended by the pleader at the time of its filing to be just what its indorsement implied, for, as quoted above, it stated plaintiff, with leave of the court, was filing its first supplemental petition in lieu of and as a complete substitute for its first supplemental petition. Its ten paragraphs are devoted to replications and rebuttals of defensive matters contained in appellee's answer. The prayer is the only variance from the rules laid down by the Supreme Court controlling such matters. Rule for District and County Courts, No. 5, reads: "The plaintiff's supplemental petitions may contain exceptions, general denials, and the allegations of new facts not before alleged by him, in reply to those which have been alleged by the defendant." In 33 Tex.Jur., p. 487, sect. 64, it is said: "The office of a plaintiff's supplemental pleading is to answer, by way of reply, some new matter of fact injected into the case." On page 490, sect. 65, of the same volume, it is further said: "The supplemental pleading is intended to be in rebuttal, and in rebuttal only. Therefore the cause of action is to be sought in either the original or amended petition, not in a supplemental petition, for, as above mentioned, the office of the latter is to set up matter by way of reply." In the same text and volume, beginning on page 514, this is said: "Consequently a reference to the original cannot make it a part of the amended pleading. * * * An amended pleading should restate the prayer for the relief desired."

It will be observed that C. A. Foster has not appealed from the judgment rendered. Only Mrs. Blanche Foster, the wife, acting through her guardian ad litem, has perfected the appeal. A pertinent inquiry would be, why should the judgment of the trial court be reversed as to C. A. Foster, who is not complaining of its entry? Mrs. Foster alleged the defendants were not living together as husband and wife, and that the property upon which the lien was sought to be foreclosed was her separate property and was her homestead. There being no statement of facts before us, we do not know what, if any, evidence was offered on either point. The trial court found that when the lot was purchased in 1915 it became community property, but made no finding of facts as to the conditions existing at the time of the institution of the suit twenty or more years after the purchase. The judgment against C. A. Foster for the amount as entered with a foreclosure of the lien as against him and the appellant certainly affects the rights of appellant in a way that it would be manifestly unfair to leave the judgment undisturbed as to the husband and reverse it as to the wife; but we think equity and justice to all demand a reversal of the judgment in its entirety. The appeal by Mrs. Foster brings before us all interested parties in the litigation, especially in a case such as this, where the rights of co-defendants are not severable. Thompson v. Kelley, 100 Tex. 536–539, 101 S.W. 1074; Reeves v. McCracken, 103 Tex. 416, 128 S.W. 895.

The special issues submitted to the jury and their answers were, (1) Mrs. Foster did not have sufficient mental capacity on June 1st, 1927, to know and understand the effect of the suit and judgment therein of John E. Quarles Co. against her and her husband; (2) That Mrs. Foster did not have mental capacity to understand the nature and effect of her acts in signing the note and deed of trust on August 8th, 1927. (This was the note and deed of trust sued on by plaintiff.) (3) The note and deed of trust of August 8th, 1927, were usurious. And (4) defendants (the Fosters) used and occupied as their homestead the premises against which the lien was asserted, after August 8th, 1927. In granting the motion of appellee to disregard the verdict, the court stated he considered the issues submitted and their answers immaterial. In this we think the court was only partially correct, and it becomes only necessary to say this in view of another trial. The attack made on the judgment plead by plaintiff was clearly a collateral one, and therefore it was immaterial in this case whether Mrs. Foster was then sane or insane. Her mental condition at the time of the execution of the note and deed of trust sued on, as inquired about in the second issue, and whether or not the property was occupied as a homestead after the execution of the note and deed of trust on August 8th, 1927, as submitted in the fourth issue, could only be material under certain conditions which are not made plain by the findings of the court. Clearly, the third issue should not have been submitted as to whether or not the written instruments sued on provided for usurious interest; these instruments should have been con-

strued by the court. Viewing the case as did the trial court, he properly disregarded the verdict. We also think the court properly disregarded appellee's attack on the Quarles judgment. It was affirmatively found by the court that the note sued on was usurious. We must presume that the evidence supported the finding, even though no attempt was made to show calculations or a recitation of facts upon which the finding was based. The judgment contains this finding: "The court is further of the opinion that the note and deed of trust of date August 8th, 1927, purporting to have been executed by the defendants, C. A. Foster and his wife, Mrs. Blanche Foster, are tainted with usury, in that more than ten (10) per cent interest per annum could be exacted under the terms of said note and deed of trust, and therefore declines to grant any relief to the plaintiff as to the note and said deed of trust."

■ In the absence of a statement of facts, we must presume the finding by the court that the contract was usurious was justified, but we do not think that fact was such as supports the broad conclusion that because it was tainted with usury no judgment could be entered thereon. Usury would only affect the interest, and require that all payments made be applied to the principal. The facts found are not sufficient for us to know what "tainted" the

transaction with usury; whether it was in one of the previous mechanic's lien contracts or the combination of all the items that entered into the debt, showing the aggregate to be more than it should have been, or whether it be by the terms of one or both the instruments relied upon by plaintiff.

■ The assignments of error presented by appellee, in its appeal by writ of error, are disposed of in our conclusions that the court should not have entered judgment for the balance on the old judgment rendered in cause No. 75312, without notice thereon, and consequently the rate of interest complained of becomes immaterial.

■ Another proposition asserted by appellee in its appeal presents a complaint that the court found the note sued on was usurious. For the reasons stated, and for the further reason the whole of both instruments are not found in the record, we are unable to determine whether the trial court committed error or not.

We have carefully studied all assignments of error and the contentions of the respective parties, and believe what we have said requires a reversal of the judgment entered by the trial court. It is accordingly reversed and the cause is remanded for another trial.