### HILL et al. v. ARMSTRONG MFG. CO.
### (No. 9.)

(Court of Civil Appeals of Texas. Eastland. May 17, 1925.)

**Sequestration ⟨key⟩20—Judgment held fatally defective in failing to state value of separate items of property.**

Judgment foreclosing mortgage lien on property replevied by defendant after sequestration, and rendering judgment on replevin bond, *held* fatally defective in failing to state value of separate items of property, where under Vernon's Sayles' Ann. Civ. St. 1914, art. 7107, defendant was given the privilege of returning any part of property and be credited on judgment with value of property returned.

Error from District Court, Shackelford County; W. R. Ely, Judge.

Suit by the Armstrong Manufacturing Company against J. R. Hill and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with instructions.

Goree, Odell & Allen and Ernest May, all of Fort Worth, for plaintiffs in error.

B. L. Russell, of Baird, and M. S. Long, of Abilene, for defendant in error.

LITTLER, J. This suit is brought by the Armstrong Manufacturing Company against A. D. Cockrell, in which certain indebtedness was claimed and a foreclosure of an alleged chattel mortgage prayed for. At the time suit was filed, defendant in error set out a writ of sequestration, and the tools described in petition and chattel mortgage were taken by the officers under the writ. The defendant Cockrell replevied the sequestered property and gave a bond in the sum of $7,000, with J. R. Hill, E. A. Lane, and E. A. Elliott as sureties on said sequestration bond. The cause was tried before the jury and answer to the special issues, the very learned trial judge rendered judgment in favor of defendant in error and against A. D. Cockrell for the sum of $3,800.70 and against plaintiff in error as sureties on replevy bond for the sum of $3,625, with 10 per cent. interest, together with all costs.

The judgment further decreed as follows:

"And it is ordered, adjudged, and decreed by the court that the mortgage lien as it existed on the following described property on the 19th day of January A. D. 1923, and as it now exists be and the same is hereby foreclosed, said property being described as follows:

"One No. 25 special Armstrong drilling machine No. 26523, with 15 horse power engine No. 901520, complete with wire line derrick and miscellaneous equipment and drilling tools as follows, having 2¾"x3¾"x7" joints by 4" square: One 4¼"x18' drill stem; one presser swivel socket; two 8¼" No. 350 bits; two 6¼ No. 300 bits; one set of 5½ drilling jars; one pair of 4" tool wrenches; one pair of bushings for 4" wrenches; one 7"x14' D. V. bailer; one 4¾"x22' D. V. bailer; one 8" bit gauge; one 6" bit gauge; one No. 2 oil well circle jack complete; one 3½"x22' drill stem; one 5" No. 200 drill bit; two 8¼" chain tong; one 2½" casing hook; one single 12" sheave casing block; one double 12" sheave casing block; one roll of ¾" drilling table 1250'; one roll of 1250' of ½" sand line; small tool outfit per list; blacksmith per list; tools with 2x3 7 joints 3¼" square—all of the reasonable value of $3,645, and that an order of sale herein issue to the sheriff or any' constable of Shackelford county, Tex., or of any county where such property may be found, directing him to seize and sell the same as under execution, in satisfaction of this judgment, and, if said property cannot be found, or if the proceeds of such sale be insufficient to satisfy this judgment, then the officer executing this order shall make the money, or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary execution.

"And it further appearing to the court that the above-described property was replevied by the defendant, who, on the 21st day of July, A. D. 1923, executed his replevy bond therefor in the sum of $7,000, with J. R. Hill, F. A. Lane, and E. A. Elliott, as sureties, it is therefore further ordered, adjudged, and decreed by the court that the plaintiff have and recover of and from the defendant, and said sureties on said bond the sum of $3,625, with interest thereon from date at 10 per cent. per annum, together with all costs, for which let execution issue."

The plaintiffs in error contend that the judgment of the trial court is fatally defective, in that it fails to find and itemize in the judgment the value of the various separate items of machinery and personal property replevied by virtue of the bond upon which plaintiffs in error were sureties.

By article 7107, V. S. C. S., the defendant is given the right, at any time within 10 days after the rendition of a judgment on the replevy bond, to deliver to the sheriff or constable of the court in which such judgment is rendered the property or any portion thereof which he has bound himself to have forthcoming, and, upon the acceptance of the same by such sheriff or constable, the defendant is entitled to be credited upon the judgment with the value of the property so returned. By the reading of such statute, it is plain that the judgment shall itemize the value of each particular piece of property replevied, so that the plaintiff may avail himself of his privilege to return all or any portion of the property. In the case of Reliable Iron Works v. First State Bank & Trust Co. (Tex. Civ. App.) 241 S. W. 595, four automobiles had been seized under a writ of sequestration and replevied by the defendant, and judgment was rendered upon the replevy bond; the trial court in that case finding that the value of the four automobiles described was $5,000. In reversing and remanding that cause, Chief Justice Conner, after discussing articles 7095, 7096, and 7097, concludes:

"It seems evident from these articles of the statutes that the law contemplates that a defendant, to the extent of the value thereof, may relieve himself and his sureties on his replevy bond of any part of the whole that has been sequestered by returning the same to the sheriff of the county in which the judgment has been rendered. In other words, under the statutes the plaintiffs in error named would have the right to be relieved to the extent of the value of any one or more of the automobiles replevied, even though unable to return the whole number. See Cook v. Halsell, 65 Tex. 1; Harden v. Swob Clothing Co. [Herder v. Schwab Clothing Co.] (Tex. Civ. App.) 37 S. W. 784; Lewter v. Lindley (Tex. Civ. App.) 81 S. W. 776; Bateman v. Hipp, 51 Tex. Civ. App. 405, 111 S. W. 971; Ratliff v. Gordon (Tex. Civ. App.) 149 S. W. 196; Herrera v. Marquez (Tex. Civ. App.) 182 S. W. 1143. We therefore conclude that the judgment as against the plaintiffs in error, the Reliable Iron Works, G. A. Works, and R. F. E. Fleming, is fatally defective, in that it fails to specify the separate value of the four automobiles replevied."

If the judgment declares that the property has been disposed of, and cannot be returned, it is not essential that it should find the value of each separate article. Pipkin v. Tinch (Tex. Civ. App.) 97 S. W. 1077.

There is nothing in this record to show that plaintiffs in error are not able to tender all or some of the property for credit, and there is no presumption of any prohibition.

It follows that the judgment in this case is fatally defective in failing to itemize the property, and this cause will be therefore reversed and remanded, with instructions to the trial court to determine the value of each particular item of property shown to have been replevied, and for such further orders consistent with ruling here made.