## LINN BROS. MOTOR CO. et al. v. WILLIAMS et al.   (No. 1478.)

Court of Civil Appeals of Texas. Beaumont.
March 21, 1927.

1. Replevin ⟨key⟩135—Judgment against sureties on replevy bond in excess of value of property held void (Rev. St. 1925, arts. 6850, 6852).

Judgment awarding execution against sureties on replevy bond in excess of value of property *held* void as contrary to Rev. St. 1925, art. 6852, and conditions of article 6850, incorporated in bond.

2. Replevin ⟨key⟩135—Judgment against sureties beyond conditions of replevy bond, after principal's return of automobile, held void (Rev. St. 1925, art. 6853).

Where sequestered automobile was returned by defendant in strict compliance with Rev. St. 1925, art. 6853, and no issue of injury, fruits, hire, or revenue was raised, judgment against sureties on defendant's replevy bond beyond its conditions was void to such extent.

3. Replevin ⟨key⟩124(1)—Surety cannot recover proceeds of void execution sale of his realty under judgment beyond conditions of replevy bond (Rev. St. 1925, § 6853).

Judgment against sureties beyond conditions of replevy bond, after principal's return of sequestered automobile in compliance with Rev. St. 1925, art. 6853, being void on its face, sale of surety's realty under execution was ineffective, and he could not recover proceeds.

4. Execution ⟨key⟩273—Plaintiff purchasing surety's realty at execution sale under void judgment on replevy bond is not innocent purchaser.

Plaintiff purchasing surety's realty at execution sale under void judgment beyond conditions of defendant's replevy bond, and holding property at time of trial of suit to set aside judgment, is not an innocent purchaser.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Suit by Horace Williams and another against the Linn Bros. Motor Company and others. Judgment for plaintiffs, and defendants appeal. Affirmed in part, and reversed and rendered in part.

Howth, Adams & Hart, of Beaumont, for appellants.

Thos. J. Baten, of Beaumont, for appellees.

WALKER, J. On the 2d day of February, 1922, in cause No. 4491 on the docket of the county court of Jefferson county, Linn Bros. Motor Company, a partnership, appellants herein, recovered a judgment against one J. F. Townsend for the sum of $334.32, foreclosing a mortgage lien on a Chevrolet automobile. We quote as follows from this judgment:

"On the 24th day of December, 1920, a writ of sequestration issued in this cause, and was duly served by levying the same upon the said above-described automobile, and that thereafter, to wit, on the 30th day of December, 1920, the said J. F. Townsend as principal, and C. W. Prince and Horace Williams, as sureties, executed a replevy bond in the sum of $1,000, whereupon said automobile above described was delivered back into the possession of the said J. F. Townsend." (Here follows decree foreclosing the mortgage.)

"It is further ordered, adjudged, and decreed by the court that, in the event that said above-described automobile cannot be found or shall not sell for enough to satisfy the demand of the plaintiffs herein, then execution in favor of plaintiff shall issue for the amount of said judgment or the balance of said judgment and costs then remaining unpaid as against the said defendant J. F. Townsend and the said C. W. Prince, and Horace Williams, sureties on the replevy bond of the said defendant hereinabove described."

The automobile described in the judgment was surrendered by Townsend to the sheriff, who proceeded to sell it as under execution, receiving therefor the sum of $75, which was duly credited on the judgment. After this sale the plaintiffs in that judgment proceeded to sell as under execution certain real estate belonging to Horace Williams, one of the sureties on the replevy bond, and in this sale the property was bought in by one of the plaintiffs in the judgment, and the proceeds of the sale in the amount of $252 was credited on the judgment.

This suit was brought in the nature of an original action by Horace Williams and C. W. Prince, the sureties on Townsend's replevy bond, against Linn Bros. Motor Company, the plaintiffs in that suit, to set aside that portion of the judgment awarding execution against them for the unpaid balance and to recover against them the sum of $252, the amount credited on that judgment as the proceeds of the sale of the real estate. Upon a trial, judgment was entered granting the relief prayed for, that is, canceling and holding void that portion of the judgment awarding the execution against the sureties and giving a recovery for the $252. Against this judgment, appellants have duly perfected their appeal.

[1, 2] The replevy bond was on the conditions of article 6850, Revised Statutes 1925; that is, that the principal would "have such property, etc., forthcoming to abide the decision of the court," etc. Under article 6852, it is expressly provided that the judgment against the sureties should be "for the value of the property replevied," etc. Article 6853 provides that the defendant may return the property within ten days after the rendition of the judgment, and the effect of such return is to discharge the sureties from any further liability under the judgment,

---

provided the property is not injured and no issue of "the fruits, hire or revenue thereof," is raised. The judgment awarding execution against the sureties in excess of the value of the property was void, as being contrary to the conditions of the replevy bond and of the statute regulating the liability of the sureties. In 33 Corpus Juris, 1077, it is said: "A judgment not authorized by law is void." Crow v. Van Ness (Tex. Civ. App.) 232 S. W. 539; State v. Dist. Court, 33 Wyo. 281, 238 I'. 548; Western Land, etc., v. Bank (Ariz.) 239 P. 299. See, also, Hill v. Armstrong (Tex. Civ. App.) 275 S. W. 1086, and authorities therein cited. In this case it was admitted that the automobile was returned by Townsend in strict compliance with the statute, and no issue of injury or "fruits, hire or revenue" was raised. Under the statute the court was without jurisdiction to enter judgment against the sureties on their replevy bond, beyond its conditions, and, in so far as the judgment in question attempted so to do, it was wholly void. Therefore, that part of the judgment appealed from in this case, reforming and correcting the judgment in the replevy suit to make it conform to the statute and conditions of the bond, must be affirmed.

[3, 4] The court erred in entering judgment against appellants for the $252. On its face the judgment in the replevy suit shows that it was void and could not support the sale. Therefore appellee Williams has not lost his land and cannot recover its value. No question of innocent purchaser can arise in this case, for two reasons: First, the judgment is void by its own recitals; and, second, the purchaser of the land was one of the plaintiffs in the suit, and was shown to be holding the property at the time of the trial. 35 C. J. 83; Bowers v. Chaney; 21 Tex. 363; Armstrong v. Traylor (Tex. Civ. App.) 30 S. W. 841. It follows that the judgment against appellants for the $252 must be reversed, and judgment here rendered that appellees take nothing on this count.

Affirmed in part, and reversed and rendered in part.