**THOMAS et al. v. BASDEN & CARRELL et al. (No. 636.)**

Court of Civil Appeals of Texas. Waco.
March 15, 1928.

1. **Set-off and counterclaim** ⚲⟹28(2)—In suit on note given for garbage cans, garbage contracts, etc., defendant could file cross-action against plaintiff and hotel for failure to deliver garbage cans and for breach of garbage contract; "arose out of and was incident to and connected with cause of action sued on." (Rev. St. 1925, art. 2017).

In suit on note given for garbage cans, hogs, garbage contracts, and truck, in which defendant claimed consideration had failed in part, defendant could file cross-action against plaintiff and hotel contracting to furnish garbage, alleging that hotel refused to deliver garbage cans which plaintiff had represented were in service at such hotel, and that hotel had terminated

garbage contract without giving 90 days' notice, which plaintiff had represented was required under such contract, since cause of action, though unliquidated, arose out of and was incident to and connected with cause of action sued on, within meaning of Rev. St. 1925, art. 2017.

**2. Pleading 20—Alternative pleading is permissible where defendants each claim damages resulted from the other's default.**

Alternative pleading is permissible when party is doubtful of facts he can establish, and it is necessary for his full protection to plead in double aspect and to join two defendants, one or both of whom are liable to him in whole or in part for his damages, and where each of parties contends that such damages resulted from wrong or default of the other.

**3. Damages 120(1)—Measure of damages for breach of contract to furnish garbage was net loss sustained as direct result of breach.**

Where it could reasonably be supposed that loss of profits, if any, resulting from breach of hotel's contract to furnish garbage, was within contemplation of parties at time garbage contract was made and at time buyer of garbage cans and garbage contracts was accepted as party thereto, measure of damages was net loss sustained by buyer as direct and proximate result of breach of contract.

**4. Evidence 208(1)—In cross-action for breach of contract to furnish garbage, defendant's statement in pleading regarding expense of hauling garbage held not admission against interest.**

In suit on note given for garbage cans, garbage contracts, etc., in which defendant filed cross-action for breach of contract to furnish garbage, defendant's statement in pleading of amount of expense of hauling garbage and feeding same to his hogs *held* not necessarily admission against interest, since if expense exceeded amount stated it was self-serving declaration.

**5. Damages 163(4)—To recover for breach of contract, party must furnish testimony from which net amount of loss could be determined with reasonable accuracy.**

To recover for breach of contract to furnish garbage, party was required to not only show that he sustained pecuniary loss or damage by reason of breach, but also to furnish testimony from which net amount of loss could be determined by jury with reasonable accuracy.

**6. Appeal and error 1062(1)—Submitting issue of net loss sustained by reason of breach of contract to jury held reversible error under evidence.**

In suit on note given for garbage cans, garbage contracts, and other property, in which defendant filed cross-action against plaintiff and hotel alleging breach by hotel of contract to furnish garbage, submission of issue of net loss, sustained by reason of breach of contract, to jury, *held* reversible error, in view of evidence.

**7. Appeal and error 1173(1)—Judgment for one joint defendant could not be affirmed, where judgment against the other defendant was reversed and remanded, issues between parties remaining undetermined.**

In suit on note given for garbage cans, garbage contracts, etc., in which defendant filed cross-action against plaintiff and hotel which had contracted to furnish garbage, and alleged that plaintiff had represented that 96 cans were in service at hotel, but hotel claimed they had only 56 cans, and that plaintiff had represented contract required hotel to give 90 days' notice of intention to terminate, and that hotel had terminated contract without notice, and defendant sought damages for breach of contract and for failure to deliver 40 cans, where judgment was rendered for plaintiff on note and against hotel for value of 40 cans and damages for breach of contract, judgment for plaintiff could not be affirmed where judgment against hotel was reversed for error in submitting issue on insufficient evidence, since issues between parties remained undetermined.

Appeal from Dallas County Court at Law; Payne L. Bush, Judge.

Action by Basden & Carrell and others against John H. Thomas, in which defendant filed cross-action against plaintiffs and against the Baker Company. From the judgment, defendant and the Baker Company appeal. Reversed and remanded.

John H. Thomas, Leachman & Gardere, D. W. Burkhalter, and G. Q. Youngblood, all of Dallas, for appellants.

J. E. Newberry and Jimmie MacNicoll, both of Dallas, for appellees.

GALLAGHER, C. J. Basden & Carrell sued John H. Thomas to recover a balance of $474.96 due on a promissory note executed and delivered to them by him, and to foreclose a mortgage lien on certain personal property for which said note was given. Thomas answered, and alleged that the consideration for said note had failed in part; that said note was given for one Reo truck, 45 head of hogs, 171 swill or garbage cans and certain garbage contracts held at that time by said firm; that they represented to him that 96 of said cans were in service at the Baker Hotel; that they had a contract with the Baker Company, a corporation operating said hotel, to receive and remove therefrom free of charge all garbage accumulating from day to day in the operation of said hotel; that under the provisions of said contract said company agreed not to terminate the same without giving 90 days' notice of such purpose; that he purchased the property for which said note was given relying on such representations; that the said company denied that said contract contained any agreement requiring them before terminating the same to give 90 days' notice of their purpose to do so: and that after he had per-

formed his duties under the same properly and efficiently for about 2½ months, it had without any notice whatever to him refused to deliver any further garbage; that said company also denied that said firm had in service at said hotel at the time of his purchase 96 garbage cans, as claimed by them, but contended that said firm had at that time in service in said hotel only 56 such cans, and that it refused to deliver the remaining 40 cans to him; that said cans were worth $4 each; that he at that time had about 225 head of hogs and was fattening them on garbage; that the garbage from said hotel would feed and fatten 100 head of hogs and increase the weight of each hog 100 pounds in 90 days; that said 100 hogs would by reason of such additional weight increase in value in the aggregate $1,077.30; that the expense of hauling said garbage and feeding it to said hogs would amount to $464 during such period, leaving a net profit of $613.30. Thomas pleaded by cross-action the value of said cans and the net damages so claimed against Basden & Carrell and also against the Baker Company, which he made a party to the suit, and sought recovery on said cross-action against both said firm and said company, or either of them, as he might show himself entitled by evidence. The Baker Company denied that any cans owned by Basden & Carrell and so purchased by Thomas were in its possession, and also denied that its contract with said firm required it to give 90 days' notice of a purpose to terminate the same, and alleged affirmatively that it refused to allow Thomas to continue to remove such garbage because the facilities furnished by him were inadequate and his services in that connection were inefficient and unsatisfactory.

The case was tried before a jury on special issues and findings returned thereon. The substance of said findings may be properly condensed as follows:

(a) That the Baker Company had withheld from Thomas 40 garbage cans of the value of $3 each, which he had purchased from Basden & Carrell.

(b) That said company had agreed with Basden & Carrell to give them 90 days' notice if it desired to terminate said garbage contract; that said company did accept said Thomas to perform said contract instead of said firm.

(c) That Thomas, in the performance of said contract, furnished adequate facilities for handling such garbage and rendered competent and efficient service.

(d) That Thomas, as the direct result of the failure of the Baker Company to give 90 days' notice of its purpose to terminate said contract, suffered damage in the sum of $500.

The court rendered judgment on said verdict in favor of the firm of Basden & Carrell against said Thomas in the sum of $560.76, the full amount remaining unpaid on the note sued on, and foreclosed their mortgage lien on the personal property in part payment for which said note was given. The court rendered a further judgment that Thomas take nothing on his cross-action against Basden & Carrell, and that he recover of the Baker Company the sum of $620, the value of said cans, and the amount of damage found in his favor against said company by the verdict of the jury. Both the Baker Company and John H. Thomas have appealed.

### Opinion.

[1] The Baker Company excepted to Thomas' cross-action on the ground that it appeared therefrom that the suit of Basden & Carrell against him was on a note, the same being a liquidated demand, and that his suit against it was for damages for conversion and breach of contract, and therefore unliquidated and in no way related to or connected with the cause of action sued on by Basden & Carrell. The court overruled said exception, and such action is presented as ground for reversal. Thomas' answer and cross-action, while in some respects informal, alleged, in effect, that Basden & Carrell did have in service at said hotel the number of garbage cans sold by them to him, and that their contract with the Baker Company required said company to give 90 days' notice of a purpose to terminate the same before doing so, and Thomas sought recovery thereon against the Baker Company on said theory. Said cross-action further alleged, in effect, that if the facts were not as so stated, Thomas was entitled to a recovery for the loss of his cans and for his damages as an offset to said note and in reconvention against Basden & Carrell. The Baker Company denied both these assertions and denied liability to Thomas on the ground that such representations and each of them were untrue. It also alleged that Thomas had failed to furnish adequate facilities and to render efficient and satisfactory service in the performance of said contract, and that such failure constituted sufficient cause for the termination of the same. The cause of action so asserted against Basden & Carrell, though unliquidated, arose out of and was incident to and connected with the cause of action sued on by Basden & Carrell, and was, under the provisions of article 2017 of the Revised Statutes of 1925, properly pleaded as a cross-action against them, notwithstanding their demand was liquidated. They were asserting that they did leave in service in the possession of the Baker Company the number of cans claimed by them to have been so placed, and that said company had agreed to give them 90 days' notice of a purpose to terminate the contract sold by them to Thomas before doing so. Both Basden & Carrell and the Baker Company were interested in the

determination of these issues. If determined in accordance with the contention of Basden & Carrell they were not liable for the loss of cans or the damages arising from the alleged breach of said contract claimed to have been suffered by Thomas. If determined according to the contentions of said company, it was not liable to Thomas for any damages sustained by him by reason of any loss of cans or refusal to permit him to longer receive and carry away the garbage from its hotel. All the parties were interested in the determination of the issue of adequate facilities and the rendering of efficient and satisfactory service by Thomas in the performance of said contract. If this issue was determined in accordance with the contention of the Baker Company, it was not liable to Thomas for any damages on account of such termination, and Thomas was not entitled to any recovery against Basden & Carrell for such damages, whether they represented that the contract sold to him required the Baker Company to give 90 days' notice of the purpose to terminate the same or not. The testimony admissible on such issues was necessarily substantially the same, whether introduced in one suit, to which all of them were parties, or in a separate suit by Thomas against said company. Thomas was interested in having all these issues determined in a suit to which both Basden & Carrell and said company were parties, so that both of them would be bound by the findings of the court or jury thereon, whether such findings were in part against one and in part against the other, or whether the same were wholly against one or wholly against the other. He was also interested in having said issues determined in one suit and thereby avoiding the trouble and expense of separate actions and the possibility, since the evidence was conflicting, of an adverse verdict in each of two separate suits, by reason of which he might utterly fail to obtain against either of said parties the relief, if any, to which he might be entitled. Love v. Keowne, 58 Tex. 191, 198.

[2] Such alternative pleading is permissible when a party is doubtful of the facts he can establish, and it is necessary for his full protection to plead in a double aspect, and to join two defendants, one or both of whom are liable to him in whole or in part for his damages, and where each of said parties is contending that such damages resulted from the wrong or default of the other. Floyd v. Patterson, 72 Tex. 202, 207, 10 S. W. 526, 13 Am. St. Rep. 787; Love v. Keowne, supra, pages 195–199, 200–204; Skipwith v. Hurt, 94 Tex. 322, 329 et seq., 60 S. W. 423; Kunz v. Ragsdale (Tex. Civ. App.) 200 S. W. 269, 270, par. 3; Harris v. Cain, 41 Tex. Civ. App. 139, 91 S. W. 866, 869; Harris v. Warlick (Tex. Civ. App.) 42 S. W. 356, 357; Clay County Land & Cattle Co. v. Skidmore, 26 Tex. Civ. App.

472, 64 S. W. 815, 816. Said exception was properly overruled.

[3] The Baker Company presents as ground for reversal a proposition complaining of the action of the court in submitting over its objection the issue of damages to Thomas arising from the breach of his contract in the following form: "What is the amount of damage, if any, so suffered?" In response to such issue the jury answered: "500." The gist of said objection was that there was no legal or competent evidence in the case upon which the jury could find any certain sum as such damage. Thomas alleged as the measure of his damages the loss of the net profits he would have realized had he been permitted to continue for a period of 90 days to receive such garbage and feed the same to his hogs. Said allegations have hereinbefore been set out in detail. The testimony disclosed that when the Baker Company refused to longer deliver such garbage to him he sold approximately the number of hogs which he testified he could have fed and fattened thereon. He introduced testimony tending to support his allegation that if he had kept the hogs so sold and had been permitted to feed them on such garbage, they would have increased in weight during said period, and consequently in value at the end thereof, in approximately the sum of $1,000 as alleged by him. He wholly failed to introduce any evidence of the amount of expense which he would have probably or necessarily incurred in handling said garbage and feeding the same to said hogs or otherwise in connection with their keep during that time. We think the loss of profits, if any, resulting from the breach of the company's contract to furnish such garbage to Thomas, should reasonably be supposed to have been within the contemplation of the parties at the time said contract was made and at the time Thomas was accepted as a party thereto instead of Basden & Carrell. The measure of his damages was therefore the net loss, if any, sustained by him as the direct and proximate result of the breach of such contract. Jones v. George, 61 Tex. 345, 354, 48 Am. Rep. 280; Travis v. Duffau, 20 Tex. 49, 57; Payne v. Mt. Franklin Fuel & Feed Co. (Tex. Civ. App.) 234 S. W. 595, 598, 599 (writ refused); W. H. Norris Lumber Co. v. Harris (Tex. Civ. App.) 177 S. W. 515, 517, and authorities there cited; Grand Prairie Gravel Co. v. Joe B. Wills Co. (Tex. Civ. App.) 188 S. W. 680, 686–7; Dickinson Creamery Co. v. Lyle (Tex. Civ. App.) 130 S. W. 904, 906; Barstow Irr. Co. v. Cleghon (Tex. Civ. App.) 93 S. W. 1023, 1024.

[4-6] In all the cases above cited, it appears either expressly or with reasonable certainty that net profits only were held recoverable. Thomas admitted in his pleading that the hauling of such garbage and feeding same to his hogs was attended with material expense. His statement therein of the

amount of such expense was not necessarily an admission against interest, as contended by him. If such expense would have exceeded the amount stated in such pleading, the same was a self-serving declaration and not an admission against interest. Thomas, in order to recover, was required to show, not only that he sustained pecuniary loss or damage by reason of the breach of said contract, but to also furnish testimony from which the net amount of such loss could be determined by the jury with reasonable accuracy. I. & G. N. R. Co. v. Simcock, 81 Tex. 503, 504, 17 S. W. 47; Hartford Fire Ins. Co. v. G. H. & S. A. R. Co. (Tex. Com. App.) 239 S. W. 919, 927. Thomas' failure to furnish such testimony was evidently an oversight. If the court had sustained said objection to the submission of said issue, he would doubtless have asked to be allowed to reopen the case and supply the deficiency. The evidence before the jury was not sufficient to afford a basis for an answer to such issue, and the court erred in submitting the same. Such error requires a reversal.

[7] Basden &. Carrell, appellees herein, ask that their judgment against Thomas be affirmed, regardless of the disposition made of the appeal of the Baker Company from the judgment rendered in his favor against it. We have heretofore held that Thomas was entitled to join both Basden & Carrell and the Baker Company as defendants in his cross-action that he might have the issues involved determined in a suit to which both were parties. Thomas claims no defense to the note sued on by Basden & Carrell unless it should be determined, as .contended by the Baker Company, that they did not leave in its possession the 40 cans in controversy and that their contract with said company did not require it to give 90 days' notice of a purpose to terminate the same. Since the judgment in favor of Thomas against the Baker Company is here reversed, such issues remain undetermined. The reasons which justified the original joinder of Basden & Carrell and the Baker Company as defendants in Thomas' cross-action still continue, and his right to such joinder would be defeated if their judgment against him was affirmed. The manifest justice of the case requires that we treat the judgment appealed from as an entirety and that we reverse and remand the same as to all parties, and it is so ordered. Hamilton & Co. v. Prescott, 73 Tex. 565, 567, 11 S. W. 548.