**IRWIN v. AUTO FINANCE CO. et al.**

**No. 1060.**

Court of Civil Appeals of Texas. Waco.

May 28, 1931.

Rehearing Denied July 9, 1931.

See, also, 34 S.W.(2d) 672.

Niblo & Dodd, of Dallas, for plaintiff in error.

Spell, Neman & Howell, of Waco, for defendants in error.

BARCUS, J.

Defendant in error Auto Finance Company, a partnership, hereinafter called Finance Company, instituted this suit against E. M. Rabon on a note executed by him and secured by a chattel mortgage on "one Ford Cabriolet model, Motor No. A–2131192, together with spare tire and tubes and all equipment." The Finance Company filed their affidavit for writ of sequestration describing the property which they desired sequestrated as one Ford cabriolet model, motor No. A–2131192, and alleged said automobile was in Dallas county. The defendant in the trial court, E. M. Rabon, executed his replevy bond in which he described the property replevied as "one new Ford Cabriolet model, motor No. A–2131192." Said replevy bond was signed by H. H. Tompkins and D. L. Irwin as sureties. The cause was tried to the court, and resulted in judgment being entered for the Finance Company against E. M. Rabon for $648.73 and all costs of court, together with a foreclosure of the chattel mortgage lien on "one Ford Cabriolet model, motor No. A–2131192 and all equipment." The court found the value of the property on which the mortgage was foreclosed, being said Ford car and all equipment, to be $650, and recited in his judgment that

said property had been replevied by E. M. Rabon, and rendered judgment against E. M. Rabon and the two sureties named for $648.73. D. L. Irwin, one of the sureties on the replevy bond, alone prosecutes this appeal.

■■ Plaintiff in error contends that the judgment of the trial court is erroneous, in that it rendered judgment against the sureties on the replevy bond for the value of the "Ford Cabriolet model, motor No. A–2131192 and all equipment," when the record shows affirmatively that only the automobile was sequestrated and replevied. He further contends that the judgment is erroneous, in that it did not find the value of the automobile separate and distinct from the equipment, but only found the combined value of the automobile and all equipment. We sustain these propositions. Article 6857 of the Revised Statutes provides specifically that, where judgment is rendered against the defendant, the court shall render judgment against the sureties on the replevy bond for the value of the property replevied. Our courts uniformly hold that, where there is more than one article replevied, it is incumbent upon the trial court to find the value of each article separately in order that the defendant and his bondsmen may satisfy the judgment in whole or in part by returning the sequestered property within ten days after judgment, as provided by article 6853 of the Revised Statutes. Reliable Iron Works v. First State Bank & Trust Co. (Tex. Civ. App.) 241 S. W. 592; Hill v. Armstrong Mfg. Co. (Tex. Civ. App.) 275 S. W. 1086; Bishop v. Japhet (Tex. Civ. App.) 171 S. W. 499. Under the plain provisions of the bond which was given, as required by article 6850 of the Revised Statutes, the sureties are only liable for the value of the property replevied with the value of the fruits, hire, or revenue thereof. There is nothing in the record to show what the automobile was worth independent of "all equipment." We do not think it could be said that the description in the affidavit for sequestration and in the replevy bond which describes the property as a Ford automobile could be construed to be and mean the same thing as a Ford automobile and all equipment. What is meant by the word "equipment" as applied to automobiles, so far as we have been able to find, has not been determined by the courts in this state.

This question was directly involved in the case of Old Colony Ins. Co. v. Kolmer, 78 Ind. App. 479, 136 N. E. 51, 53, where plaintiff in the trial court sought to recover loss for the theft of a "rectifier" under a policy which insured against loss "upon the body, machinery and equipment" of an electric automobile. The "rectifier" was kept in the garage and used for the purpose of charging the electric car with electricity. The court in said case held that the term "equipment" as applied to automobiles meant whatever was needed for efficient action or service in connection therewith, and that, since it was necessary to the operation of an electric car that same should be at stated times charged with electricity, a rectifier was a part of the equipment, and that same was therefore covered under the terms of the insurance policy. The court said: "The policy does not limit the equipment of the automobile covered thereby to such as may be attached thereto, or carried therein or thereon, or to such as might be so carried in a place provided therefor. To so limit the policy would be to write something into it which was omitted by the insurer when it prepared the same, a thing we are not permitted to do."

In the case of Shapiro v. Security Ins. Co., 256 Mass. 358, 152 N. E. 370, the court held that the trial court correctly defined "equipment" as it relates to automobiles as meaning "such additions as are made to the complete car, intended for the safety or convenience of the owner."

■ In the case at bar, the Finance Company, when it took the mortgage in question, evidently intended to have security other than just the automobile when it described the property as "an automobile, a spare tire and tube and all equipment." Clearly, the mortgage would cover any and all equipment that went with or belonged to the automobile in question. The kind and value of the equipment of an automobile, of course, depends upon its use and its user. Some car owners have their cars equipped with trunks in which to carry the luggage, and some cars are equipped with a radio. No effort was made to definitely describe the term "all equipment" as used in the mortgage. It was evidently intended by said expression to embrace all equipment on said car. When the Finance Company filed its affidavit for sequestration, it only sequestrated the automobile and it alone was replevied, and the bondsmen were not liable for anything except the automobile or its value. The trial court foreclosed the mortgage lien, not only upon the automobile, but also upon "all equipment," and found the value of the "automobile and all equipment" as a whole, and did not find the value of the automobile which had been replevied.

■■ Plaintiff in error contends that the judgment of the trial court is erroneous, in that it does not specifically provide that same may be satisfied in so far as the sureties on the replevy bond are concerned by the automobile being delivered to the proper officer within ten days after final judgment. Our courts have uniformly held that, while it is proper for this provision to be placed in the judgment, it is not necessary, since the defendant and his sureties on the replevy bond have that right by force of the statute and independent of any recitation that may

be contained in the judgment. Continental Gin Co. v. Thorndale Mercantile Co. (Tex. Com. App.) 254 S. W. 939; Scott v. Waldrop & Co. (Tex. Civ. App.) 8 S.W.(2d) 552 (error ref.).

The trial court having failed to fix the value of the automobile that was replevied, separate and distinct from the other property on which it foreclosed the mortgage, necessitates a reversal as to this portion of the judgment. E. M. Rabon, the original defendant, not having appealed, that portion of the judgment which renders a personal judgment against him, together with a foreclosure of the chattel mortgage, is not disturbed. That portion of the judgment which renders a personal judgment against D. L. Irwin and H. H. Tompkins, the sureties on the replevy bond, is reversed and remanded.

### On Motion for Rehearing.

■■ Defendant in error, Auto Finance Company, in its motion for rehearing, complains of that portion of our judgment which reversed and remanded the cause as to H. H. Tompkins; its contention being that, since Tompkins did not appeal, this court has no jurisdiction over him, and cannot in any way change or modify the judgment of the trial court in its favor against Tompkins. This question was settled adversely to defendant in error's contention in the case of Hamilton v. Prescott, 73 Tex. 566, 11 S. W. 548, 549. In Hamilton v. Prescott, supra, which has been cited with approval many times, appellee recovered judgment against a number of parties, only two of whom appealed, and the Supreme Court, in reversing the judgment as to all parties, stated: "That a judgment against two or more parties, which is appealed from by one, may be reversed as to the one, and affirmed as to the others, or may be reversed as a whole, according to the manifest justice of the case, we think the cases cited sufficiently show."

Our courts now uniformly hold that, where the judgment is not severable, or where it adversely affects the rights of the party not appealing, or where justice demands, the appellate court may, in reversing a judgment for a party who appeals, reverse same as to those who do not appeal from the judgment of the trial court. Leonard v. Prater (Tex. Com. App.) 36 S.W.(2d) 216, 222; 3 Tex. Jur. 1112; Lipshitz v. Lindsay National Bank (Tex. Civ. App.) 33 S.W.(2d) 874 (error ref.); Thomas v. Basden & Carrell (Tex. Civ. App.) 4 S.W. (2d) 336; Mergenthaler Linotype Co. v. McClure (Tex. Civ. App.) 9 S.W.(2d) 198; Id. (Tex. Com. App.) 16 S.W.(2d) 280; Reeves v. McCracken, 103 Tex. 416, 128 S. W. 895; Thompson v. Kelley, 100 Tex. 536, 101 S. W. 1074.

In Leonard v. Prater, supra, judgment was rendered in the trial court against a number of parties, jointly and severally, for a debt and for the cancellation of a lien on certain land. Some of the defendants appealed, and others did not. Judge Short, in writing the opinion reversing the case as against all of the defendants, stated: "The original defendants in this case were jointly sued and were held to be jointly liable in the judgment rendered in the trial court; hence we are under the necessity to treat the judgment appealed from as an entirety. Where a reversal is required as to one party, it will reverse the judgment as a whole. Article 2211, R. S. 1925; Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221; Southwestern Telegraph & Telephone Co. v. Long (Tex. Civ. App.) 183 S. W. 421."

Unquestionably in this case Tompkins and Irwin were sued jointly as sureties on the replevy bond, and were by the judgment of the trial court held to be jointly liable thereon. It would be manifestly unjust to reverse the judgment as to one of the sureties and affirm the same as to the others.

The motion for rehearing is overruled.