### CITY OF WACO v. MESSER et al.
### No. 1161.

Court of Civil Appeals of Texas. Waco.

March 10, 1932.

Reformed and Affirmed April 21, 1932.

Rehearing Denied May 19, 1932.

John McGlasson and George Morrow, both of Waco, for appellant.

B. A. Garrett, Tom Scott, and Kibler & Valentine, all of Waco, for appellees.

ALEXANDER, J.

The city of Waco brought this suit to condemn certain property for the purpose of widening a street. J. B. Messer owned a life estate in the property, Mary Lee Messer owned the remainder estate, and A. H. Parker owned an unexpired lease on the premises. The jury found the value of the property taken to be $1,500, and apportioned $1,000 to J. B. Messer and $500 to Mary Lee Messer. It found the value of Parker's lease to be $150. Judgment was entered against the city in favor of J. B. Messer for $1,000, Mary Lee Messer for $500, and A. H. Parker for $150. The city appealed.

The city complains of the manner in which the court submitted to the jury the value of the property condemned. The first issue as submitted was as follows:

Special issue No. 1:

"What do you find from a preponderance of the evidence was the reasonable market value of the 25x125 foot strip of land with the improvements thereon taken by the City of Waco from the property located at 4th and Jefferson Streets belonging to defendants on March 18, 1931?

"In estimating such value you may take into consideration the value of the lease of the stand on said land, the value of said stand, itself, the shade trees and that portion of the garage and barn actually taken and destroyed, as shown by the evidence herein, if any, but you shall not take into consideration in answering this question any value of said stand and lease to the defendant, A. H. Parker."

To which the jury answered $1,500.00.

The court submitted a separate issue as to the value of the lease, and the jury found such value to be $150.

 In condemnation proceedings, where there are different estates in the property or where the property is under a lease to a third party, the valuation of the various estates or leasehold interest is usually determined by ascertaining the market value of the property with the improvements thereon as though owned exclusively by one party, and, in the absence of damages to other property not taken, this will ordinarily determine the extent of the liability of the party condemning the property. Such amount, when so determined, should then be apportioned among the lessee and the owners of the various estates in the land. Where it is undertaken to first determine the valuation of the various interests separately, the total valuation of such interest should ordinarily not exceed the value of the property as though owned exclusively by one party. The party condemning the property should not be required to pay the value of the property with the improvements thereon, and, in addition thereto, the value of the lease. 16 Tex. Jur. 980, § 302; note, 69 A. L. R. 1263.

 The explanation following special issue No. 1 above quoted makes it doubtful whether the jury in answering the issue found the full value of the land taken with the improvements thereon, or whether the jury deducted from such value the value of the lease. If the former, then the judgment in favor of the Messers for $1,500 and in favor of Parker for $150 was a double recovery, and was excessive in the sum of $150. We are of the opinion that the question as submitted called for the jury's verdict as to the value of the property with the improvements thereon. This requires a reversal of the case.

No particular complaint was made with reference to the issue submitting the value of Parker's interest in the property. However, the value of his interest is necessarily related to the value of the whole property. If upon another trial the jury should assess a different value for the whole of the property taken, this might materially affect the value to be placed on Parker's interest. We therefore deem it advisable to reverse and remand the whole case. Irwin v. Auto Finance Co. (Tex. Civ. App.) 40 S.W.(2d) 871, § 6; Buchanan v. Davis (Tex. Civ. App.) 43 S.W.(2d) 279, § 12. Upon another trial, unless the evidence raises some exception to the general rule for fixing the measure of damages, the court will ascertain the market value of the property taken as though owned exclusively by one party, and will have the jury apportion the amount thereof among the tenant and others owning an interest in the property as their interest may appear.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

On Motion for Rehearing.

The appellees J. B. Messer and Mary Lee Messer having filed herein a remittitur of $150, the judgment of this court reversing the judgment of the trial court is set aside, and the judgment of the trial court is reformed to the extent that the judgment in favor of J. B. Messer is reduced to $900, and the judgment in favor of Mary Lee Messer is reduced to $450, said judgment to bear interest at the rate of 6 per cent. per annum from April 17,

1931. The judgment in favor of Parker will remain unchanged.

The judgment of the trial court as reformed is affirmed.