Retention of possession of mortgaged chattels, generally speaking, invalidates the mortgage as to creditors and bona fide purchasers. Adler vs. AmmermanFurniture Co., 100 Conn. 223, 228. However, by virtue of section 1591c of the 1935 Supplement to the General Statutes, the validity of a chattel mortgage "upon livestock, farm machinery or farm equipment" is preserved, as to such third parties, when given and recorded in compliance with it, notwithstanding that possession of the mortgaged property is retained by the mortgagor. Hartford Production Credit Asso.vs. Clark, 118 Conn. 341, 343.
On March 12, 1943, the defendants, Marjorie and Herbert Bahre, husband and wife of the Town of Canton, executed in favor of the plaintiff a chattel mortgage, in the principal sum of $1,600, secured by livestock and the following articles denominated *Page 462 
"farm tools and equipment": 1 milking machine, 1 4-can milk cooler, 1 1939 International pickup truck, various tools and repair parts, "and any and all other farm machinery and equipment owned by the mortgagors and in their possession on their Canton farm."
This chattel mortgage was properly executed by the parties and seasonably recorded by the Town Clerk of Canton. Thereafter, Mr. and Mrs. Bahre, as mortgagors, continued to retain possession of the mortgaged property.
Ultimately the defendant Tarbox, a deputy sheriff of Hartford County, attached the 1939 International truck on behalf of creditors of Mr. and Mrs. Bahre. The plaintiff mortgagee has instituted this replevin action, claiming title to the truck under its chattel mortgage. A counterclaim has been interposed stating the claims of the defendants as to title and possession.
The sole issue for determination is whether the attached truck may fairly and properly be regarded as "farm machinery" or "farm equipment", thus excepting it from the general policy of the law concerning the validity of chattel mortgages where there is a retention of possession by the mortgagors. If the truck is held to be "farm machinery" or "farm equipment", then the attachments must fail and the plaintiff, under its chattel mortgage, will retain its possession.
The Production Credit Association of Connecticut, an adjunct of the Farm Credit Administration created in 1933 by an Act of Congress, makes short term loans to Connecticut farmers for the express purpose of facilitating and financing farm production. Its 1943 loan to Mr. and Mrs. Bahre was intended to aid a dairy and milk producing business owned and operated by Mrs. Bahre, and, in fact, the funds loaned were used wholly for this purpose. As security for this loan, the Bahres mortgaged to the plaintiff association every farm chattel of value, intending thereby to include not only livestock but also every article which could consistently and rationally be held to be farm equipment or machinery.
The farm occupied by the Bahres and their four young children contains approximately eight acres, a substantial portion being under cultivation for family needs. In addition to this acreage, the Bahres rent some 20 to 25 acres, located at varying distances from their farm proper, on which *Page 463 
are grown corn and hay for consumption by the farm cattle.
Mr. Bahre, until August, 1941, was engaged in general house contracting and building, an activity which resulted in something less than marked profit and success. Thereafter he was variously employed until, at the date of trial, he was engaged as a truck helper by the Canton Beverage Company, devoting a substantial portion of his time to this endeavor. Free hours, apart from his regular employment, have been and are spent on the farm in the completion of farm chores.
Mrs. Bahre, on the other hand, devotes herself exclusively to household and farm tasks. The controversial truck, purchased by her in November, 1941, and thereafter registered in her name, is used to assist her operation of the milk producing enterprise, netting approximately 80 quarts per day, which are trucked to a milk distributor for sale on the open market. In addition the truck is used to harvest crops; to carry limestone and fertilizer to the distant acreage; to truck hay and corn from the fields to the barn and silo; to remove waste material from the barn; to haul from town, over a mile distant, groceries and other provisions for the family and stock; and broadly speaking, for the execution of every farm chore necessitating the employment of a mechanized unit. The Bahres do not have, in the operation of the farm, any horses, mules or other beasts of burden, the truck being the sole means of conveyance. The dairy farm, operated by Mrs. Bahre, returns a modest profit, which, supplemented by Mr. Bahre's off farm earnings, makes possible the maintenance of the family.
In approaching the disposition of this litigation, involving, as it does, a question of first impression in this State, one must be mindful of the reiterated injunction that when a statute creates an exception to a general rule, it is to be construed strictly and its language is not to be extended beyond its evident intent. Patten vs. Smith, 4 Conn. 450, 454; Bickart vs.Sanditz, 105 id. 766, 772. Obviously, section 1591c, supra,
is such a statute, creating an exception to the general rule that retention of possession of mortgaged chattels invalidates the mortgage as to creditors and bona fide purchasers.
The term "equipment" is a very broad and general term, which would seem to be the collective designation for whatever is used in equipping; the combination of all the elements necessary to carry out a project. Smull vs. Delaney, 175 Misc. (N.Y.) 795, 799, 25 N.Y.S.2d 387, 394. It has been said *Page 464 
that equipment includes whatever is needed for efficient action or service. Old Colony Ins. Co. vs. Kolmer,78 Ind. App. 479, 483, 136 N.E. 51, 52.
Applying these tests or definitions to the term "farm equipment", as used by the Connecticut General Assembly in section 1591c, there would seem to be little question but that it intended to include a vehicle used primarily and essentially for farm purposes. So far as the record in this case shows, this small truck was used for no purpose other than that consistent with the operation of the farm and its associated dairy activity.
To be sure, the truck has been used on infrequent and isolated occasions to transport the Bahre family to Sunday religious services. However, I do not consider these rare departures from farm life a sufficient basis for holding the truck to be something other than farm equipment. I believe the General Assembly would feel violence had been done its intent were it decided that a piece of farm equipment lost its character merely because it occasionally transported parents and children to church.
It is clearly a question of fact as to what does or does not constitute farm equipment. Hall vs. Nelson, 59 N.H. 573. Attention is directed to Acacia Oil Gas Co. vs. Tidal OilCo., 91 Okla. 237, 238, 217 P. 372, 373, wherein a contract assigned and conveyed all the interest of the grantor in an oil and gas mining lease, upon which there were producing oil wells, together with all equipment thereon. The question of whether a stack of line pipe found on the leasehold at the time of the conveyance was a part of the equipment was said to be a question of fact. In discussing the matter, the court said that the word equipment "under some conditions .... might include almost every conceivable tool, appliance, or machine that is used in oil fields. It might include trucks and vehiclesused for the purpose of conveying oil, tools, and machinery" (Italics added.)
Similarly, the truck on the Bahre farm, by reason of its general, principal and essential use as a farm vehicle, is found to be "farm equipment." Thus its retention by the Bahres does not defeat the validity of the chattel mortgage.
This holding, it is believed, does not distort or extend the evident intent of the General Assembly and would appear to be consistent with the liberality of construction enunciated in *Page 465 Patten vs. Smith, supra, and Flaxman vs. Capitol City Press,Inc., 121 Conn. 423.
 The issues are found for the plaintiff on the complaint and crosscomplaint. Judgment may enter for the plaintiff to retain possession of the truck described in the complaint and to recover its costs.